FILED-USDC-NDTX-DA
'26 JUL 17 PM3:02
TJF

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

TARIQ FAROOQ,
  Plaintiff,

v.

THE STATE OF TEXAS, acting through the
Texas Judicial Branch, the Office of Court
Administration, and the Court of Appeals,
Fifth District of Texas at Dallas; MEGAN
LAVOIE, in her official capacity as
Administrative Director of the Office of Court
Administration; J.J. KOCH, in his official
capacity as Chief Justice of the Court of
Appeals, Fifth District of Texas at Dallas,
solely as to nonadjudicative administrative
authority; and MYRNA S. GASC, in her
official capacity as Court Business
Administrator of the Court of Appeals, Fifth
District of Texas at Dallas,
  Defendants.

**3-26CV2369-0**

**Civil Action No. _____**

**VERIFIED ORIGINAL COMPLAINT
FOR DISABILITY DISCRIMINATION,
DAMAGES, DECLARATORY RELIEF,
AND PROSPECTIVE INJUNCTIVE
RELIEF**

**JURY TRIAL DEMANDED**

**(Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131-12134; Section 504 of
the Rehabilitation Act, 29 U.S.C. § 794, pleaded in the alternative; 28 U.S.C. §§ 1331, 2201-
2202)
(INDEPENDENT DISABILITY-ACCESS ACTION; NOT AN APPEAL FROM A
STATE-COURT JUDGMENT)**

**I. NATURE OF THE ACTION**

**1.** This action challenges disability discrimination in the administration of a state appellate

program. Plaintiff does not ask this Court to decide whether any state-court ruling was legally

correct. He challenges the separate process through which the State received, routed, evaluated,

partially granted, denied, reconsidered, and administratively reviewed requests for disability

accommodations affecting access to appellate services.

**2.** Plaintiff has documented hearing loss and chronic tinnitus. His treating otolaryngologist

advised that these conditions significantly affect auditory processing in stressful or high-pressure

1

environments and require additional processing time. Plaintiff repeatedly gave the Fifth Court written notice of the disability, its consequential limitations, and requested modifications.

3. The requested accommodations were not limited to attending an in-person hearing. They included reasonable modifications to briefing deadlines and procedures for disability-affected written appellate work; permission to correct a brief prepared under an allegedly ineffective accommodation; accessible and searchable documents; and, when spoken communication occurred, CART or comparable real-time access, slower pacing, processing pauses, and periodic confirmation of effective communication.

4. Title II covers all services, programs, and activities of a public entity. The appellate program at issue includes docketing, electronic notices, filing systems, briefing schedules, written communications, record access, motion practice, correction of briefing deficiencies, submission, oral proceedings, and the administrative handling of accommodation requests. Nothing in Title II limits equal access to days on which a litigant physically enters a courtroom.

5. The State may provide an effective reasonable alternative rather than the precise accommodation preferred by the individual. Plaintiff alleges that the partial scheduling relief provided here was not effective for the known limitations; that no effective alternative was identified; and that the State later refused a targeted opportunity to correct the disability-affected brief.

6. Plaintiff further alleges a systemic administrative deficiency: after repeated requests and denials, neither the Fifth Court nor OCA identified a responsible Title II official or a prompt and equitable grievance procedure covering adjudicative and case-management accommodations. The only written response identified a policy limited by its terms to website accessibility.

**7.** Plaintiff seeks compensatory damages against the State only to the extent authorized by Title II and Section 504, sovereign immunity is validly abrogated or waived, and intentional discrimination and causation are proven. He seeks no punitive damages, no federal filing fee as damages, and no unproven medical expense. He also seeks narrowly tailored prospective relief directed only to officials with nonmerits administrative authority.

**8.** This Complaint alleges objective acts and omissions, not an unsupported conspiracy or motive to protect any judge. The State orders are alleged as evidence of notice, response, causation, and the operation of the challenged accommodation system, not as judgments for this Court to reverse.

## II. PARTIES

**9.** Plaintiff Tariq Farooq is an adult resident of Collin County, Texas. He is an indigent, pro se appellant in Court of Appeals, Fifth District of Texas at Dallas, Cause No. 05-24-01246-CV. Plaintiff alleges that the appeal remains pending and that future filings, notices, possible submission procedures, post-decision motions, or other appellate interactions remain reasonably possible.

**10.** Plaintiff is a qualified individual with a disability within 42 U.S.C. § 12131(2). His documented hearing loss and chronic tinnitus substantially limit hearing and materially affect auditory processing, concentration, sleep, and the pace and endurance of complex legal work when stress and rapid communication exacerbate the condition.

**11.** Defendant State of Texas, acting through the Texas Judicial Branch, OCA, and the Fifth Court, is a public entity within 42 U.S.C. § 12131(1). It provides and administers the appellate services, programs, and activities at issue. The State is the damages defendant under Title II and, if the funding element is proven, Section 504.

**12.** Defendant Megan LaVoie is the Administrative Director of OCA and is sued only in her official capacity for prospective, nonmerits administrative relief. OCA operates under the direction and supervision of the Supreme Court of Texas and its Chief Justice and assists courts and court personnel with administration, information technology, fiscal support, and judicial-branch policy implementation. See Tex. Gov't Code §§ 72.011-.027.

**13.** Defendant J.J. Koch is the Chief Justice of the Fifth Court and is sued only in his official capacity, and only to the extent his present nonadjudicative administrative authority permits him to approve, implement, designate, route, or supervise accessibility policies and procedures. No damages are sought from Koch.

**14.** Official Fifth Court records identify Koch as the agency's "Chief Executive or Presiding Judge" on the Court's Fiscal Year 2026 Operating Budget. That budget reports 57.5 full-time-equivalent positions for Agency 225 and is separately certified by Court Administrator Myrna Gasc. (Ex. I.)

**15.** Official Fifth Court policies further demonstrate administrative authority distinct from adjudication. Koch signed the Court's teleworking policy; the Court's employee-leave policy assigns the Chief Justice authority over administrative leave, operational closures, unpaid leave, and individualized exceptions; and the Court's published in-and-out procedures state that the Chief Justice appoints civil and criminal motions panels. (Exs. J-L.)

**16.** Plaintiff does not allege that Koch personally directed the disposition of any accommodation motion, personally created an ADA policy, or serves as the designated ADA coordinator. Koch is included solely because official records plausibly establish a concrete administrative connection to courtwide policy and the ability to implement prospective

nonmerits relief. The precise allocation of authority among Koch, Gasc, Morin, OCA, and other State officials is peculiarly within Defendants' knowledge.

17. Defendant Myrna S. Gasc is the Fifth Court's Court Business Administrator, also identified in her correspondence as Court Administrator. She is sued only in her official capacity for prospective nonmerits relief concerning administrative intake, routing, coordinator identification, grievance procedures, communications, and implementation.

18. No justice is sued in an individual capacity. No damages are sought from LaVoie, Koch, or Gasc. Plaintiff requests no injunction against a judicial vote, deliberation, order, or case-specific merits decision.

### III. JURISDICTION, IMMUNITY, STANDING, AND VENUE

19. This Court has federal-question jurisdiction under 28 U.S.C. § 1331 because this action arises under Title II of the ADA, 42 U.S.C. §§ 12131-12134, and, in the alternative, Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

20. This Court may grant appropriate declaratory relief under 28 U.S.C. §§ 2201-2202 and prospective injunctive relief against state officials who possess a sufficient connection to an ongoing violation of federal law. Ex parte Young, 209 U.S. 123 (1908).

21. Title II applies to state courts. Congress validly abrogated sovereign immunity at least for conduct that actually violates the Fourteenth Amendment and as applied to the class of cases implicating the fundamental right of access to courts. Tennessee v. Lane, 541 U.S. 509, 522-34 (2004); United States v. Georgia, 546 U.S. 151, 159 (2006).

22. Plaintiff pleads damages against the State only to the extent authorized after the claim-by-claim analysis required by Georgia. He alleges that the cumulative conduct materially

impaired his meaningful opportunity to present and correct appellate arguments in a family-law appeal involving substantial parental interests, despite repeated notice and feasible modifications.

23. Prospective relief is separately sought against LaVoie, Koch, and Gasc to correct an allegedly ongoing administrative process without directing the outcome, schedule, panel, or merits of any pending state case.

24. In the alternative, OCA is a recipient of federal financial assistance. Its official Fiscal Year 2026 operating budget reflects federal funds, and its Fiscal Year 2025 annual financial report reflects federal revenue and federal grant pass-through revenue. Plaintiff pleads Section 504 only to the extent the relevant program-or-activity and funding elements are established through discovery.

25. Acceptance of federal financial assistance waives Eleventh Amendment immunity for Section 504 claims to the extent provided by 42 U.S.C. § 2000d-7.

26. Plaintiff has standing to seek damages for completed injury. He also alleges prospective standing because the appeal remains pending, the challenged accommodation structure remains in place, and he faces a real and immediate risk of needing additional written, electronic, or spoken access to the same appellate program.

27. The requested prospective relief is redressable because OCA and Fifth Court administrative officials can identify the responsible coordinator, publish and administer a grievance process, route requests, maintain accommodation records, provide accessible communications, and implement effective alternatives without controlling judicial outcomes.

28. Venue is proper in this District and Division under 28 U.S.C. § 1391(b)(2) because a substantial part of the challenged events and omissions occurred at the Fifth Court in Dallas,

Texas, and the principal appellate orders and court-level administrative communications issued from Dallas.

29. No administrative exhaustion is generally required before filing a private Title II or Section 504 action. Plaintiff nevertheless repeatedly sought relief through motions, rehearing, en banc reconsideration, requests to correct the brief, and a direct inquiry for coordinator and grievance information.

30. The action is timely. The principal acts occurred from July 2025 through January 2026, and the alleged systemic deficiency continues while Plaintiff remains subject to the same appellate program.

## IV. FACTUAL ALLEGATIONS

### A. Documented Disability and Consequential Limitations

31. Plaintiff has experienced hearing loss and chronic tinnitus for years. These conditions affect his ability to hear and process spoken information and can materially impair concentration, sleep, and sustained complex work when stress and rapid communication exacerbate symptoms.

32. On October 3, 2024, Kevin Lunde, M.D., a board-certified otolaryngologist, wrote that Plaintiff's hearing loss and tinnitus significantly affect auditory processing, particularly in stressful or high-pressure environments, and that Plaintiff requires additional time to process auditory information and reduce stress in settings such as court proceedings. (Ex. A.)

33. The physician letter supports additional processing time and accommodations. It does not expressly prescribe CART. Plaintiff separately requested CART or comparable real-time access based on functional limitations and the demands of spoken legal communication.

34. Plaintiff does not rely on indigency, pro se status, lack of paid legal databases, or a temporary respiratory illness as qualifying ADA disabilities. Those facts may have supplied additional good cause but are not the legal foundation of the ADA claims.

**35.** Plaintiff was otherwise qualified to participate in the appeal and to use the Fifth Court's filing, briefing, notice, record, motion, submission, and hearing services.

### B. The Appellate Program Includes Written and Electronic Participation

**36.** Plaintiff is the appellant in Fifth Court Cause No. 05-24-01246-CV, arising from a final order in a suit affecting the parent-child relationship. The underlying appeal provides context for the importance of meaningful court access, but this action does not ask the federal court to determine any parental-rights issue.

**37.** The appellate record and briefing were extensive and complex. Plaintiff alleges that disability-related concentration and processing limitations affected the rate and endurance at which he could review the record, identify and verify authorities, prepare record citations, draft arguments, proofread, and correct a brief.

**38.** A disability-related time modification is analytically distinct from an auxiliary aid. The duty to make reasonable modifications to policies, practices, and procedures under 28 C.F.R. § 35.130(b)(7)(i) does not depend on whether an oral hearing occurs.

**39.** The effective-communication regulation, 28 C.F.R. § 35.160, separately applies to communications through the appellate program, including written notices and documents and any spoken proceeding. CART, slower pacing, and processing pauses were requested for live communication. Additional time and correction procedures were requested as modifications to written appellate practices.

**40.** The program therefore was active each time the Court transmitted an order or notice, set or enforced a deadline, received a motion, accepted or rejected a filing, provided or withheld an accessible document, or administered a method for seeking review of an accommodation decision.

## C. July 2025 Request, Actual Notice, and Failure to Identify a Process

**41.** On July 29, 2025, Plaintiff filed a verified emergency motion seeking reasonable accommodations for the record-settlement hearing and future proceedings. He requested CART, slower speech, additional processing time, breaks, and related measures.

**42.** The request supplied direct notice of the disability and the specific consequential limitations. It attached or relied on the October 3, 2024 physician letter.

**43.** On July 29, 2025, the Fifth Court denied the motion in its abatement order. The order did not identify a responsible ADA official, a grievance procedure, an individualized administrative assessment, an effective alternative, or a written fundamental-alteration or undue-burden determination.

**44.** The same July 29 order required a trial-court hearing concerning the appellate record. A CART writer was present at the August 7, 2025 hearing. Plaintiff acknowledges that accommodation and does not allege that no aid was ever provided.

**45.** Plaintiff alleges, however, that CART alone did not fully address the separately requested pacing and processing-time measures. His complaint is not that CART is categorically ineffective; it is that effectiveness must be evaluated in light of the known limitations and the full combination of requested measures.

**46.** The fact that CART could be arranged demonstrates that auxiliary aids were feasible. The absence of a Fifth Court oral argument does not answer whether deadline modifications, written access, or an administrative review channel were required.

## D. August 2025 Compressed Briefing Schedule and Renewed ADA Request

**47.** On August 14, 2025, the Fifth Court reinstated the appeal, adopted trial-level findings concerning the record, denied pending motions, and ordered Plaintiff to file his opening brief by August 28, 2025. The resulting period was approximately fourteen days. (Ex. M.)

9

**48.** Plaintiff alleges that the short schedule followed an extensive record dispute and required concentrated review and drafting that exceeded his functional pace and endurance.

**49.** On August 26, 2025, Plaintiff filed an emergency motion expressly requesting ADA accommodations and a forty-five-day extension. He described tinnitus, hearing-related processing limitations, concentration impairment, illness, and other concurrent obligations. (Ex. B.)

**50.** Plaintiff also filed an abeyance motion asking the Court not to force briefing before disposition of the pending accommodation and rehearing requests.

**51.** On August 29, 2025, the Fifth Court denied both motions. The order did not identify an individualized accommodation assessment, a responsible ADA administrator, an effective alternative, or a reason why a lesser accommodation would provide equal access. (Ex. C.)

**52.** Plaintiff alleges that a reasonable time modification was necessary because the disability affected the pace and endurance of his work. An extension, staged briefing, limited supplemental brief, or later opportunity to correct the rushed brief would not have altered the substantive standards of appellate review.

**53.** Plaintiff filed an opening brief under the deadline. He alleges that the brief was materially less accurate, organized, and complete than the brief he could have prepared with an effective disability-related modification.

**54.** Plaintiff alleges that the injury was not cured merely because a document was filed. Meaningful access includes a fair opportunity to prepare and present the filing, not only the mechanical ability to upload a document.

### E. Rehearing and Refusal to Permit Correction of the Disability-Affected Brief

**55.** On September 11, 2025, Plaintiff sought panel rehearing and en banc reconsideration of the August 29 accommodation denial. He again described the disability, requested modifications, medical documentation, and the effect of the compressed schedule.

**56.** On September 12, 2025, Plaintiff requested leave to file a substituted or corrected brief, a limited suspension or adjustment of deadlines, and effective-communication accommodations. The request sought to mitigate the alleged harm rather than add unrelated claims. (Ex. D.)

**57.** On September 15, 2025, the panel denied rehearing and denied clarification and leave to file an amended or substituted brief. (Ex. E.)

**58.** On September 23, 2025, the Fifth Court en banc denied reconsideration of the August 29 accommodation denial and related orders. (Ex. F.)

**59.** On October 6, 2025, the Fifth Court denied another motion that included a request for ADA-compliant procedures and ancillary relief. (Ex. G.)

**60.** Plaintiff does not allege that an order violates Title II merely because it is brief or does not use the word ADA. He alleges that the repeated sequence, actual notice, absence of an identified accommodation channel, failure to provide an effective alternative, and refusal to permit a targeted correction support an inference that the disability-specific limitations were not meaningfully addressed.

### F. Late-2025 Reply-Brief Requests and Partial Relief

**61.** On or about November 10, 2025, Plaintiff requested approximately forty-five days to prepare the reply brief and again described disability-related drafting limitations. On November 12, 2025, the Fifth Court granted a shorter extension and warned against further extensions.

62. On December 15, 2025, Plaintiff filed a second motion requesting additional time through February 3, 2026. He invoked Title II and explained that tinnitus and hearing-related limitations substantially impaired prolonged, concentrated appellate work.

63. On December 18, 2025, Plaintiff filed an emergency follow-up. It reiterated the disability-related need and also disclosed a high fever and respiratory symptoms. Plaintiff pleads the temporary illness only as additional good cause, not as the qualifying disability.

64. On December 19, 2025, the Fifth Court granted partial scheduling relief by extending the deadline to January 20, 2026 rather than February 3, 2026, and stated that further requests for extensions of the reply-brief deadline were disfavored.

65. Plaintiff does not characterize that order as a total denial. He alleges that the shorter extension did not effectively accommodate the consequential limitations previously disclosed and that the order did not identify an assessment or an effective alternative sufficient to provide equal access.

66. The partial grants also demonstrate actual knowledge: the State repeatedly received the requests and exercised authority over the schedule. Plaintiff alleges that after the State had notice that prior relief was ineffective, it continued the same ordinary-extension approach without a distinct disability review mechanism.

67. The State may select a different effective accommodation. Plaintiff alleges that the combined partial extensions, no-further-extension warnings, refusal to permit correction of the opening brief, and absence of an administrative review channel did not provide meaningful access.

12

## G. Coordinator and Grievance-Procedure Inquiry

**68.** Plaintiff asked Fifth Court personnel to identify the ADA Title II coordinator and grievance procedure applicable to accommodation requests concerning the Court's services.

**69.** On January 14, 2026, Gasc responded that accessibility for Texas Judicial Branch websites is administered centrally by OCA and that the Fifth Court does not maintain a separate court-specific ADA Title II coordinator or grievance procedure for website accessibility. (Ex. H.)

**70.** The response directed Plaintiff to the Judicial Branch website-accessibility policy and OCA. By its terms, it addressed websites. It did not identify who receives, evaluates, or reviews requests involving briefing deadlines, case-management practices, accessible records, CART, oral proceedings, or complaints about denied litigation accommodations.

**71.** Under 28 C.F.R. § 35.107(a), a public entity employing fifty or more persons must designate at least one responsible employee to coordinate Title II compliance and make that employee's contact information available to interested persons.

**72.** Under 28 C.F.R. § 35.107(b), a public entity employing fifty or more persons must adopt and publish grievance procedures providing prompt and equitable resolution of Title II complaints.

**73.** The Fifth Court's official Fiscal Year 2026 operating budget reports 57.5 full-time-equivalent positions. Plaintiff alleges this is strong official evidence that the relevant agency exceeds the regulatory threshold, while acknowledging that Defendants possess the precise headcount and organizational-allocation evidence.

**74.** If Defendants contend that the Fifth Court is not the relevant public entity, Plaintiff pleads in the alternative that the State, Texas Judicial Branch, or OCA is the relevant entity, indisputably employs fifty or more persons, and must identify the responsible official and procedure.

13

**75.** Plaintiff does not plead § 35.107 as a free-standing damages statute. The alleged absence or nondisclosure is evidence of the systemic Title II violation, causation, intentional disregard after notice, ongoing injury, and the need for prospective relief.

## H. No In-Person Appellate Hearing Is Not a Defense

**76.** Defendants may contend that Plaintiff's disability was hearing-related and that the Fifth Court held no in-person oral argument. That contention addresses only one form of access and does not defeat the pleaded claims.

**77.** First, the central completed-injury claim concerns the reasonable-modification duty under § 35.130(b)(7)(i): modification of deadlines and correction practices for disability-affected written work. That duty is not conditioned on a live hearing.

**78.** Second, every order, notice, filing instruction, deadline, electronic record, and accommodation response is part of the appellate service and involves communication or access. Title II does not define a court program as only its oral-argument calendar.

**79.** Third, CART and pacing requests were conditional on spoken proceedings. Plaintiff does not seek damages for failure to provide CART at an appellate hearing that never occurred. He seeks prospective effective-communication relief if spoken interaction occurs and alleges separate past communication defects in identifying the responsible official and review procedure.

**80.** Fourth, the August 7 trial-level record-settlement hearing was ordered as part of the Fifth Court's appellate process and CART was provided. Plaintiff alleges that the event demonstrates feasibility and the need to evaluate the full requested combination of aids and modifications.

**81.** Fifth, accepting a no-hearing defense would permit a public entity to avoid Title II by conducting a program entirely through written and electronic means even when its policies create

disability barriers. That result is inconsistent with the statute's coverage of all services, programs, and activities.

82. Plaintiff therefore pleads independent theories: reasonable modification of written procedures; effective communication when communication occurs; and systemic administrative access to a coordinator and grievance procedure.

## I. Intent, Knowledge, and Causation

83. Liability for reasonable-modification and effective-communication violations does not require a special bad-faith or gross-misjudgment standard. See A.J.T. v. Osseo Area Schools, Independent School District No. 279, 605 U.S. ___ (2025). Plaintiff separately pleads intentional discrimination to support compensatory damages.

84. Plaintiff repeatedly gave direct, written notice of the disability, medical documentation, consequential limitations, requested modifications, and alleged ineffectiveness of prior relief.

85. The State had authority to grant time, stage briefing, allow correction, provide an administrative review channel, identify a coordinator, arrange auxiliary aids, and communicate an effective alternative.

86. The State nevertheless continued to process the requests through ordinary judicial motion practice; issued repeated denials or partial grants without identifying an administrative accommodation analysis; warned against further requests; denied correction of the allegedly disability-affected brief; and did not identify a nonwebsite grievance procedure after a direct inquiry.

87. Plaintiff alleges these facts show intentional discrimination under the governing Fifth Circuit standard, or at minimum deliberate indifference plus the additional facts the Fifth Circuit

may require: repeated actual notice, authority to act, feasible alternatives, notice that prior relief was ineffective, and continuation of the challenged practice.

88. Plaintiff does not infer intent solely from adverse rulings. He relies on the pattern of notice, feasibility, absence of process, refusal of curative alternatives, and continued conduct after the alleged access problem was expressly identified.

89. The alleged discrimination was by reason of disability because the requested modifications were necessary only because of the disability-related limitations, and the failure to modify the ordinary practices exposed Plaintiff to barriers not faced by litigants without those limitations.

90. The challenged conduct was a substantial and proximate cause of the alleged symptom exacerbation, forced work beyond functional limits, diminished quality of briefing, loss of a meaningful opportunity to correct the brief, and ongoing uncertainty regarding future accommodations.

## V. CLAIMS FOR RELIEF

### COUNT ONE - TITLE II: FAILURE TO MAKE REASONABLE MODIFICATIONS AND DENIAL OF MEANINGFUL ACCESS

91. Plaintiff incorporates all preceding paragraphs.

92. Plaintiff is a qualified individual with a disability, and the State is a public entity responsible for the appellate services at issue.

93. The State knew of the disability and its consequential limitations through direct requests and medical documentation.

94. Plaintiff requested reasonable modifications to policies, practices, and procedures, including additional processing time, adjusted deadlines, staged or supplemental briefing, and an opportunity to correct a disability-affected brief.

**95.** The requested categories were facially reasonable, would not change the substantive appellate standards, and could be administered through ordinary scheduling tools.

**96.** The State provided some partial scheduling relief. Plaintiff alleges the relief was not effective for the known limitations and that no effective alternative or individualized assessment was identified.

**97.** By failing to make effective reasonable modifications, the State denied Plaintiff meaningful and equal access to its appellate program by reason of disability, in violation of 42 U.S.C. § 12132 and 28 C.F.R. § 35.130(b)(7)(i).

## COUNT TWO - TITLE II: INEFFECTIVE COMMUNICATION AND FAILURE TO GIVE PRIMARY CONSIDERATION

**98.** Plaintiff incorporates all preceding paragraphs.

**99.** The State was required to take appropriate steps to ensure communications with disabled participants were as effective as communications with others and to furnish appropriate auxiliary aids and services when necessary. 28 C.F.R. § 35.160(a)-(b).

**100.** Plaintiff requested CART or comparable real-time access, slower speech, processing pauses, and accessible communications for spoken proceedings. Primary consideration required serious consideration of the requested aid, although the State could provide an equally effective alternative.

**101.** The presence of a CART writer at the August 7 hearing demonstrates feasibility, but Plaintiff alleges that CART without consistent pacing and processing time did not fully provide effective communication.

**102.** Plaintiff also sought accessible and searchable electronic documents and clear written communications identifying the decision-maker and review mechanism. The State did not identify a nonwebsite accommodation process.

**103.** This count does not allege a failure to provide CART at an appellate hearing that did not occur. It addresses effective communication when communication occurred or prospectively occurs and the State's failure to distinguish that duty from written-procedure modifications.

## COUNT THREE - TITLE II: INTENTIONAL DISCRIMINATION SUPPORTING COMPENSATORY RELIEF

**104.** Plaintiff incorporates all preceding paragraphs.

**105.** Compensatory damages under Title II require intentional discrimination. Plaintiff pleads the detailed knowledge, authority, notice, repeated conduct, and causation facts above to satisfy the governing standard.

**106.** Defendants had actual knowledge of the disability and consequential limitations; had authority and feasible means to provide effective accommodations; received notice that partial relief was ineffective; and continued the challenged practice without an effective alternative or administrative review channel.

**107.** The alleged conduct was more than an isolated negligent oversight. It occurred through repeated requests, denials, partial grants, rehearing, en banc review, a request to correct the brief, and a direct coordinator inquiry.

**108.** Plaintiff therefore seeks compensatory damages from the State in an amount determined by the trier of fact, subject to sovereign immunity, proof, and the categories legally available under Title II.

## COUNT FOUR - TITLE II: ONGOING SYSTEMIC DENIAL OF ACCESS, INCLUDING COORDINATOR AND GRIEVANCE DEFICIENCIES

**109.** Plaintiff incorporates all preceding paragraphs.

110. The coordinator and grievance requirements of 28 C.F.R. § 35.107 implement Title II and are directly relevant to whether a litigant can obtain, route, and review disability accommodations in the appellate program.

111. The relevant public entity did not identify a responsible employee or a prompt and equitable grievance procedure covering adjudicative and case-management services. The January 14, 2026 response identified only a website-accessibility policy.

112. The absence or nondisclosure caused concrete access injury by leaving Plaintiff without a disability-specific intake, assessment, effective-alternative, implementation, or review mechanism after repeated adverse decisions.

113. The deficiency continues while Plaintiff remains before the Fifth Court and is redressable through prospective administrative relief.

## COUNT FIVE - SECTION 504 OF THE REHABILITATION ACT (ALTERNATIVE)

114. Plaintiff incorporates all preceding paragraphs.

115. Section 504 prohibits an otherwise qualified individual with a disability from being excluded from participation in, denied the benefits of, or subjected to discrimination under a program or activity receiving federal financial assistance solely by reason of disability. 29 U.S.C. § 794(a).

116. OCA's official financial records reflect federal funds and federal grant pass-through revenue during relevant fiscal periods. Plaintiff pleads on information and belief that the relevant program or activity received federal financial assistance, while recognizing that Defendants possess the grant and program-coverage records.

**117.** To the extent the funding and program-coverage elements are established, the same failures denied Plaintiff meaningful access solely by reason of the disability-related limitations for which the modifications and aids were requested.

**118.** Plaintiff seeks only those Section 504 damages categories legally available after Cummings v. Premier Rehab Keller, P.L.L.C., 596 U.S. 212 (2022), and does not seek stand-alone emotional-distress damages under Section 504.

## COUNT SIX - PROSPECTIVE RELIEF UNDER EX PARTE YOUNG

**119.** Plaintiff incorporates all preceding paragraphs.

**120.** LaVoie, Koch, and Gasc are sued only in official capacities and only to the extent their present nonadjudicative authority permits them to end ongoing violations through administrative action.

**121.** LaVoie is plausibly connected to statewide judicial administration and OCA policies; Koch is plausibly connected to Fifth Court policy approval and administration as its officially certified chief executive or presiding judge; and Gasc is plausibly connected to court-level administration and the coordinator inquiry.

**122.** Plaintiff requests no order directing a judicial ruling or controlling a panel. He requests identification of responsibility, publication of a coordinator and grievance procedure, routing and documentation protocols, accessible communication, and implementation of effective alternatives.

**123.** These prospective measures can be implemented without reviewing or changing any past state judgment.

## VI. INJURY, DAMAGES, AND REMEDIES

**124.** The challenged conduct caused or materially contributed to physical exacerbation of tinnitus; increased auditory distortion or perceived sound; sleep disruption; fatigue; headaches or pressure to the extent personally experienced; diminished concentration; and forced work beyond Plaintiff's functional capacity. Plaintiff will limit proof to symptoms he can truthfully describe and admissible medical or lay evidence.

**125.** The conduct caused loss of a fair opportunity to prepare and correct briefing under an effective accommodation, diminished accuracy and completeness, additional emergency motion practice, increased risk of waiver or forfeiture, and ongoing uncertainty regarding access to future appellate services.

**126.** Plaintiff is indigent and does not claim a waived federal filing fee as damages. He does not presently claim a specific amount of medical expense or lost income. He seeks only pecuniary loss later identified and proven through admissible evidence and legally recoverable nonpecuniary damages.

**127.** Under Title II, Plaintiff preserves a claim for proven physical, consequential, and nonpecuniary compensatory injury to the extent legally available. The Fifth Circuit has left open whether Cummings eliminates emotional-distress damages under Title II. See Lartigue v. Northside Independent School District, 100 F.4th 510 (5th Cir. 2024). Plaintiff pleads no legally barred category and requests that damages be determined under the law governing at judgment.

**128.** Under Section 504, Plaintiff does not seek stand-alone emotional-distress damages. He seeks only categories permitted after Cummings.

**129.** Plaintiff does not seek punitive damages. Barnes v. Gorman, 536 U.S. 181, 189 (2002).

**130.** Plaintiff seeks nominal damages only to the extent legally available, taxable costs, pre- and post-judgment interest, and attorney's fees only for compensable work performed by counsel who may later appear. He does not seek fees for his own pro se work.

**131.** The amount of compensatory damages is unliquidated and should be determined by the jury based on the duration, recurrence, physical consequences, functional impairment, loss of meaningful access, and all proven consequential harm.

## VII. REQUEST FOR DECLARATORY AND PROSPECTIVE INJUNCTIVE RELIEF

**132.** Plaintiff seeks a declaration that the State's failure to provide effective reasonable modifications and meaningful access violated Title II and, if funding is established, Section 504.

**133.** Plaintiff seeks a declaration identifying the State entity or organizational component responsible for Title II coordination and grievances concerning Texas appellate adjudicative and case-management services.

**134.** Plaintiff seeks an order requiring the responsible entity to publish the name, office address, telephone number, and electronic contact information of the responsible Title II employee for adjudicative accommodations, consistent with 28 C.F.R. § 35.107(a).

**135.** Plaintiff seeks an order requiring a published, prompt, and equitable grievance or administrative-review procedure covering nonwebsite accommodation complaints, including briefing, deadlines, filing access, accessible records, auxiliary aids, and oral proceedings, consistent with § 35.107(b).

**136.** Plaintiff seeks a process that recognizes accommodation requests, routes them to a responsible official, considers known consequential limitations, documents the assessment, and communicates whether the request is granted, denied, or satisfied through an effective alternative.

137. Plaintiff seeks effective communication for any future spoken proceeding in which he participates, including primary consideration of requested aids and reasonable pacing or processing measures necessary for effective communication.

138. Plaintiff seeks narrowly tailored training and implementation measures for administrative personnel responsible for receiving, routing, documenting, and implementing accommodation requests.

139. The requested injunction must not reverse a prior order, dictate the merits or schedule of Cause No. 05-24-01246-CV, require a particular panel, compel recusal or transfer, reopen a proceeding, or direct the outcome of a state-law question.

## VIII. JURY DEMAND

140. Plaintiff demands a trial by jury on all issues so triable, including liability and compensatory damages to the extent permitted by law.

## IX. PRAYER

A. Assume jurisdiction over this action;

B. Declare that the challenged conduct violated Title II and, if the funding element is established, Section 504;

C. Enter narrowly tailored prospective injunctive relief as described above against the proper official-capacity Defendants;

D. Award compensatory damages against the State in an amount determined by the jury, to the extent sovereign immunity is validly abrogated or waived and the damages are authorized and proven;

E. Award nominal damages to the extent legally available;

F. Award taxable costs and pre- and post-judgment interest;

G. Award reasonable attorney's fees only for compensable work performed by counsel who may later appear; and

H. Grant such other lawful and just relief as the Court deems appropriate.

Respectfully submitted,

/s/ Tariq Farooq
Tariq Farooq, Pro Se
3500 S. Echo Trail
Plano, Texas 75023
Telephone: (214) 498-9888
Email: brainsurface@yahoo.com

## VERIFICATION UNDER 28 U.S.C. § 1746

I, Tariq Farooq, declare under penalty of perjury under the laws of the United States of America that I have reviewed this Verified Complaint; factual allegations based on my personal knowledge are true and correct; and allegations expressly made on information and belief are believed true after reasonable inquiry. All exhibits included with the foregoing are true and original copies of the originals to the best of my knowledge.

Executed in Collin County, Texas, on July 17, 2026.

/s/ Tariq Farooq
Tariq Farooq

**APPENDIX / EXHIBIT LIST**

Plaintiff identifies the following exhibits, which are compiled in Plaintiff's Combined Exhibit Appendix A-O:

**Exhibit A.** Letter from Kevin Lunde, M.D., dated October 3, 2024, documenting hearing loss, tinnitus, impaired auditory processing under stress, and the need for additional processing time.

**Exhibit B.** Plaintiff's Emergency Motion for ADA Accommodations and Extension of Briefing Deadline, filed August 26, 2025.

**Exhibit C.** Fifth Court order dated August 29, 2025, denying Plaintiff's Emergency Motion for ADA Accommodations and Extension of Briefing Deadline.

**Exhibit D.** Plaintiff's Motion for Leave to File Substituted Amended Brief, filed September 12, 2025.

**Exhibit E.** Fifth Court order dated September 15, 2025, denying rehearing, clarification, and leave to file a substituted brief.

**Exhibit F.** Fifth Court en banc order dated September 23, 2025, denying reconsideration of the ADA-accommodation ruling and related relief.

**Exhibit G.** Fifth Court order dated October 6, 2025, denying Plaintiff's request for ADA-compliant procedures and related relief.

**Exhibit H.** January 14, 2026 email from Court Business Administrator Myrna S. Gasc regarding website accessibility, OCA administration, and the absence of a separate court-specific website-accessibility coordinator and grievance procedure.

**Exhibit I.** Fifth Court of Appeals Fiscal Year 2026 Operating Budget identifying the Chief Justice as the agency's Chief Executive or Presiding Judge, the Court Administrator, and 57.5 full-time-equivalent positions.

**Exhibit J.** Fifth Court of Appeals Teleworking Policy signed by Chief Justice J.J. Koch, effective September 1, 2025.

**Exhibit K.** Fifth Court of Appeals Employee Leave Policy documenting administrative authority assigned to the Chief Justice.

**Exhibit L.** Fifth Court of Appeals In-and-Out Procedures describing motions-panel appointment and processing of extension motions.

**Exhibit M.** Fifth Court order dated August 14, 2025, reinstating the appeal and setting the opening-brief deadline.

**Exhibit N.** Fifth Court order dated August 27, 2025, denying rehearing and related relief while maintaining the briefing deadline.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

# EXHIBIT A

### Dr. Kevin Lunde letter dated October 3, 2024

Purpose: Documents hearing loss, tinnitus, auditory-processing effects, and need for additional processing time.

# Kevin Lunde, M.D.
### Board Certified Otolaryngologist
### & Facial Plastic Surgeon

4701 West Plano Parkway, Suite 150, Plano, TX 75093
P: 972-985-3223 • F: 972-964-0562 • https://www.kevinlundemd.com/

10/03/2024

RE: Tariq Farooq
Address: 3500 S Echo Trl Plano, TX  75023
DOB: 06/08/1975

To Whom It May Concern:

Based on Mr. Tariq Farooq's medical history in our office, he suffers from hearing loss and tinnitus, both of which significantly impact his auditory processing, particularly in stressful or high-pressure environments.

Due to this disability, he requires specific accommodations to ensure effective participation in such settings. These accommodations should include, but are not limited to, additional time to process auditory information and reduce stress, particularly in environments like court proceedings, where high noise levels and rapid communication can rapidly and significantly exacerbate his hearing disability condition.

Thank you for your assistance in this matter

If there are any questions, please call.

Sincerely,

Kevin Lunde, MD

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

# EXHIBIT B

**August 26, 2025 Emergency Motion for ADA Accommodations and Extension**

Purpose: Shows direct written notice, requested modifications, disability-related limitations, and requested deadline relief.

05-24-01246
FIFTH COURT OF APPE/
DALLAS, TE>
8/26/2025 5:03
RUBEN MOI
CLE

## NO. 05-24-01246-CV
### IN THE FIFTH DISTRICT COURT OF APPEALS
### AT DALLAS, TEXAS

## IN THE INTEREST OF
## H.A.F., F.A.F., AND
## M.T.A.F., CHILDREN

On Appeal from the Final Order of the Suite Affecting Parent Child Relationship in the 468th Judicial District Court of Collin County, Texas dated October 16, 2024
Trial Court Case No. 468-51752-2020

# APPELLANT'S EMERGENCY MOTION FOR ADA ACCOMMODATIONS AND EXTENSION OF BRIEFING DEADLINE

Respectfully submitted by,

**Tariq Farooq**
**Appellant *Pro Se***
brainsurface@yahoo.com
3500 S. Echo Trl
Plano TX 75023
1-214-498-9888

# APPELLANT'S EMERGENCY MOTION FOR ADA ACCOMMODATIONS AND EXTENSION OF BRIEFING DEADLINE

TO THE HONORABLE JUSTICES OF THE FIFTH COURT OF APPEALS:

Appellant **Tariq Farooq**, appearing pro se, respectfully moves this Honorable Court, on an emergency basis, to grant **reasonable accommodations** under **Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132**, and **28 C.F.R. § 35.160(a)-(b)** (effective communication; primary consideration), and to extend the deadline for Appellant's opening brief by **45 days** under **Texas Rule of Appellate Procedure 38.6(d), 10.5(b)** (and, if necessary, **Texas Rule of Appellate Procedure 2**), and in support thereof would respectfully show this Honorable Court as follows:

## I. INTRODUCTION AND NATURE OF EMERGENCY RELIEF SOUGHT

### 1.1 Convergence of Disability Rights and Appellate Deadlines

This emergency motion presents the intersection of federal disability rights and state appellate procedures, seeking accommodations that ensure Appellant's meaningful participation in the appellate process while addressing multiple concurrent circumstances that individually and collectively establish good cause

for modest deadline extension.

### 1.2 Comprehensive Relief Requested

This request is supported by three independent but reinforcing grounds: (1) Appellant's **tinnitus** and related **auditory-processing limitations** that materially impair concentration—particularly when reviewing legal materials that re-trigger trauma from parent-child separation (*See* Exhibit A – Dr. Kevin Lunde's Letter affirming Appellant's Disability); (2) a **recent viral illness** that substantially reduced work capacity during the critical brief preparation period; and (3) a **previously scheduled federal court filing** in **United States District Court for the Northern District of Texas, Dallas Division, Civil Action No. 3:24-CV-920-N**, exceeding **250 pages** including appendix, with a deadline that was noticed and established **before** this Court's August 14, 2025 reinstatement order.

### 1.3 Emergency Nature and Federal Civil Rights Implications

This motion is filed on an emergency basis because continued enforcement of the **compressed and impossible 14-day briefing deadline** creates ongoing violations of federal ADA requirements and compounds the practical impossibility of meaningful appellate participation under the current circumstances.

## II. PROCEDURAL BACKGROUND AND CURRENT DEADLINE

## STATUS

### 2.1 Reinstatement and Compressed Timeline

On **August 14, 2025**, this Honorable Court reinstated this appeal after resolution of record-settlement issues and imposed a **14-day** deadline for filing of Appellant's opening brief. This **compressed and impossible** timeline, while understandable given the procedural history, creates particular challenges when combined with disability-related functional limitations and competing legal obligations.

### 2.2 Appellant's Prompt Response and Good Faith Efforts

Appellant has promptly sought appropriate relief consistent with ADA requirements and the complexity of the appellate record, including filing multiple substantive motions addressing critical procedural and substantive issues such as **Rule 34.6** record integrity questions and missing **Section 154.130** findings that affect the reviewability of the underlying judgment – an ADA motion before this court remains pending (filed on July 29, 2025).

### 2.3 Current Deadline Parameters

**Current deadline:** August 28, 2025

**Requested deadline: October 13, 2025** (or the next business day accepted by the Clerk).

**Prior extension requests for this deadline:** One extension motion was filed following reinstatement; as of the time of filing this motion, **no order** has issued on that motion to Appellant's knowledge.

### 2.4 Integration with Pending Substantive Motions

This extension request should be considered in the context of multiple pending motions that address fundamental threshold issues affecting the scope and nature of appellate review, including questions of record integrity, required findings, and constitutional procedural safeguards.

## III. LEGAL FRAMEWORK AND GOVERNING AUTHORITIES

### A. ADA Title II—Effective Communication and Primary Consideration Standards

*3.1 Public Entity Obligations Under Federal Law*

State courts, including courts of appeals, are **public entities** subject to the comprehensive requirements of **Title II of the Americans with Disabilities Act.** Under this federal mandate, they must ensure that communications with individuals with disabilities are **"as effective as"** communications with non-disabled individuals and must give **primary consideration** to the auxiliary aids

and services that the individual with disabilities specifically requests. **28 C.F.R. § 35.160(a)-(b)**.

### 3.2 Supreme Court Authority on ADA Title II Court Access

The United States Supreme Court has definitively established that Title II validly enforces the fundamental right of access to courts for individuals with disabilities. *Tennessee v. Lane,* 541 U.S. 509, 533-34 (2004). This constitutional and statutory framework requires that judicial proceedings be conducted in a manner that ensures meaningful participation by individuals with disabilities.

### 3.3 Fifth Circuit Standards for Effective Communication

The United States Court of Appeals for the Fifth Circuit has established comprehensive standards for effective communication accommodations in judicial settings. *Cadena v. El Paso County,* 946 F.3d 717, 723-24 (5th Cir. 2020) (public entities must provide effective communication and honor primary consideration of requested accommodations); *Delano-Pyle v. Victoria County,* 302 F.3d 567, 574-75 (5th Cir. 2002) (Title II standards and remedies apply to Texas governmental entities).

### 3.4 Reasonableness Standards and Burden Analysis

The requested accommodations—a **45-day extension**, CART/real-time transcription if any hearings occur, and **searchable, accessible PDFs** for all court

documents—are facially reasonable, narrowly tailored to address Appellant's specific functional limitations, and impose no undue administrative or financial burden on this Court. *See* **28 C.F.R. § 35.160** (no heightened showing required; effective communication is the governing standard).

## B. Texas Appellate Rules—Extensions and Emergency Relief Authority

### 3.5 Extension Standards Under Rule 38.6(d)

**Texas Rule of Appellate Procedure 38.6(d)** provides appellate courts with discretionary authority to extend time limits for filing briefs upon a showing of **good cause**. The rule contemplates that extensions may be granted when circumstances beyond a party's reasonable control impair the ability to meet established deadlines.

### 3.6 Motion Requirements Under Rule 10.5(b)

**Texas Rule of Appellate Procedure 10.5** establishes specific content requirements for extension motions, including identification of the current deadline, length of extension requested, any prior extensions, and the factual grounds relied upon. This motion fully complies with all prescribed requirements.

### 3.7 Emergency Relief Authority Under Rule 2

**Texas Rule of Appellate Procedure 2** provides courts with inherent authority to suspend procedural requirements **for good cause** when necessary to expedite

decisions, prevent injustice, or address other compelling circumstances that warrant deviation from standard procedural timelines.

# IV. DETAILED GROUNDS FOR ACCOMMODATIONS AND EXTENSION

## A. Tinnitus and Auditory-Processing Limitations (Federal ADA Requirements)

### 4.1 Nature and Impact of Disability

Appellant experiences **tinnitus** and related **auditory-processing limitations** that constitute qualifying disabilities under the ADA (*See* Exhibit A). These conditions **materially impair** Appellant's ability to sustain the intense concentration required for legal research, analysis, and writing, particularly when drafting sensitive legal filings and reviewing record materials that re-trigger traumatic psychological responses related to the enforced separation from his children.

### 4.2 Functional Limitations in Legal Context

The functional limitations imposed by tinnitus and auditory-processing difficulties are particularly acute in the context of complex appellate brief preparation, which requires sustained attention to detailed legal analysis, extensive record review, and comprehensive written advocacy. These cognitive

demands are significantly more challenging for individuals with auditory-processing limitations, especially when the subject matter involves emotionally traumatic events.

### 4.3 Federal Legal Standards for Accommodation

Under **28 C.F.R. § 35.160(a)-(b)**, this Court **must** provide accommodations that render Appellant's participation in appellate proceedings **as effective as** that of non-disabled litigants and must give **primary consideration** to the specific aids and services that Appellant identifies as necessary for meaningful participation.

### 4.4 Accommodation Tailored to Functional Limitations

A **45-day extension** of the briefing deadline, combined with accessible document formats and real-time transcription services for any hearings, constitutes reasonable accommodations that directly address the functional limitations imposed by Appellant's disability without fundamentally altering the nature of appellate proceedings or creating undue burdens.

### B. Recent Viral Illness and Medical Recovery Needs

### 4.5 Timing and Impact of Illness

Appellant has been recovering from a **recent viral illness** over the past two

weeks that produced significant symptoms including persistent fatigue, debilitating headaches, and substantially reduced cognitive and physical capacity for sustained work. The timing of this illness directly coincided with the period when Appellant would otherwise have been engaging in intensive brief preparation following the Court's reinstatement order.

### 4.6 Compounding Effect with Disability Limitations

This temporary medical impairment, when combined with Appellant's permanent ADA-qualifying limitations, has created a **compounding effect** that has substantially slowed the preparation of what must necessarily be a complex and comprehensive appellate brief addressing multiple threshold legal and procedural issues.

### 4.7 Medical Recovery as Good Cause

Courts routinely recognize medical recovery needs as constituting good cause for deadline extensions, particularly when the illness was unforeseen and occurred during critical preparation periods. The combination of temporary illness with permanent disability creates particularly compelling circumstances for accommodation.

**C. Previously Scheduled Federal Court Deadline (N.D. Tex. 3:24-CV-920-N)**

*4.8 Nature and Complexity of Federal Court Obligation*

Appellant faces a **previously scheduled and court-ordered deadline** in **Civil Action No. 3:24-CV-920-N** in the **United States District Court for the Northern District of Texas, Dallas Division**, requiring completion and filing of a complex federal court submission **exceeding 250 pages** including exhibits and comprehensive appendix materials.

*4.9 Temporal Precedence and Lack of Strategic Planning*

This federal court deadline was **noticed and established before** this Court's August 14, 2025 reinstatement order, demonstrating that the conflict between court obligations arose through no strategic planning or fault on Appellant's part. The competing deadlines create an impossible choice between compliance with federal and state court requirements.

*4.10 Good Cause Under Appellate Standards*

The existence of previously established, concurrent court obligations that arose independently of the current appellate timeline constitutes clear **good cause** under **Texas Rule of Appellate Procedure 38.6(d)** for granting reasonable deadline adjustments that permit compliance with both sets of judicial requirements.

**D. Record Complexity and Interlocking Pending Motions**

*4.11 Unusual Complexity of Appellate Posture*

The appellate record posture in this case is **unusually complex** due to multiple unresolved threshold issues that directly affect the scope, nature, and reviewability of the underlying proceedings. This complexity creates briefing challenges that extend well beyond typical appeals and require comprehensive analysis of interconnected procedural and substantive legal questions.

*4.12 Pending Threshold Motions Affecting Briefing Scope*

Current pending motions include: (1) a **Combined Motion for Panel Rehearing and En Banc Reconsideration** addressing fundamental issues under **Rule 34.6(e)/(f)**, **Section 74.053** disqualification questions, and constitutional procedural safeguards; (2) a **Motion to Strike "replacement exhibits" and vacate adopted findings** based on authentication and best-evidence objections under **Texas Rules of Evidence 901 and 1002**; and (3) a **Motion to Abate for Section 154.130 findings** because the Final Order **deviated** from statutory guidelines without providing the findings required by **Section 154.130** and **Texas Rules of Civil Procedure 296-299**.

*4.13 Efficient Resolution Considerations*

These pending substantive motions underscore why a modest ADA-grounded

extension is both **necessary for meaningful participation** and **efficient for judicial administration**, as resolution of threshold issues may materially affect the scope and focus of appellate briefing requirements.

### 4.14 Impact on Brief Preparation Strategy

The pendency of multiple threshold motions creates substantial uncertainty regarding the appropriate scope and focus of appellate briefing, as resolution of procedural and jurisdictional questions may significantly alter the legal and factual issues that require comprehensive appellate analysis.

## V. REQUESTED RELIEF UNDER PRIMARY CONSIDERATION STANDARD

### 5.1 Federal Legal Framework for Requested Accommodations

Appellant respectfully requests this Honorable Court give **primary consideration** to the following auxiliary aids and services, which are **narrowly tailored** to address Appellant's specific disabilities and current circumstances while ensuring compliance with federal ADA requirements:

### A. Extended Briefing Deadline

### 5.2 Thirty-Day Extension Request

A **45-day extension** of the opening brief deadline to **October 13, 2025** (or the

next business day accepted by the Clerk). This extension directly addresses the functional limitations imposed by tinnitus and auditory-processing difficulties while providing adequate time for medical recovery and completion of previously scheduled federal court obligations.

## B. Word Limit Accommodations

### 5.3 Permission to Exceed Standard Word Limits

Permission to **exceed standard word limits** due to the volume and complexity of the legal and procedural issues presented, pursuant to **Texas Rule of Appellate Procedure 9.4(i)(2)(B) to 20,000 words**. This accommodation addresses the reality that individuals with auditory-processing limitations may require more detailed written explanations to achieve the same level of effective communication as non-disabled litigants.

## C. Hearing Accommodations

### 5.4 Real-Time Transcription Services

If this Court schedules any hearings or oral arguments in connection with this appeal or pending motions, provision of **CART (Communication Access Realtime Translation) services** or other **real-time transcription** to ensure that Appellant can meaningfully participate in oral proceedings despite auditory-processing limitations.

**D. Document Format Accommodations**

*5.5 Accessible Document Formats*

Provision of **searchable, accessible PDFs** for all court orders, notices, and other official documents, ensuring that Appellant can effectively navigate and reference court documents using assistive technologies and search functions that accommodate auditory-processing limitations.

*5.6 Narrow Tailoring and Absence of Undue Burden*

These requested accommodations are specifically tailored to Appellant's functional limitations and impose no undue administrative or financial burden on this Court. The accommodations preserve the essential functions of appellate review while ensuring that Appellant's disability does not prevent meaningful participation in the judicial process.

# VI. EMERGENCY NATURE AND FEDERAL CIVIL RIGHTS IMPLICATIONS

**6.1 Ongoing ADA Violations**

This motion is filed on an emergency basis because continued enforcement of the compressed briefing deadline without appropriate accommodations creates ongoing violations of federal ADA Title II requirements. Each day that passes without reasonable accommodations compounds the denial of equal access to

judicial proceedings.

## 6.2 Constitutional and Statutory Rights at Stake

The fundamental right of access to courts, as protected by both the Due Process Clause and the ADA, requires that individuals with disabilities be afforded meaningful opportunity to participate in judicial proceedings. Denial of reasonable accommodations effectively denies access to justice and violates both constitutional and statutory protections.

## 6.3 Prevention of Irreparable Harm

Emergency relief is necessary to prevent irreparable harm to Appellant's federal civil rights and to preserve his ability to present effective appellate advocacy on the substantive issues presented. Delay in providing accommodations cannot be remedied after briefing deadlines have passed.

# VII. COMPLIANCE WITH RULE 10.5(b) CERTIFICATION REQUIREMENTS

**7.1 Current Deadline:** August 28, 2025

**7.2 Extension Requested: 45 days** (establishing new deadline of **October 13, 2025**, or the next business day accepted by the Clerk)

**7.3 Prior Extension Requests:** One post-reinstatement extension motion filed;

to Appellant's knowledge, **no order** has issued on that motion as of the time of filing this motion.

### 7.4 Factual Grounds Relied Upon:

- ADA-qualifying **tinnitus** and **auditory-processing limitations** requiring reasonable accommodations under federal law

- **Recent viral illness** requiring medical recovery time

- **Previously scheduled federal court deadline** in **Civil Action No. 3:24-CV-920-N** that was established before this Court's reinstatement order

- **Record complexity** and **interlocking pending motions** that affect the scope and focus of required appellate briefing

## VIII. INTEGRATION WITH BROADER APPELLATE STRATEGY

### 8.1 Comprehensive Approach to Threshold Issues

This accommodation request should be understood as part of a comprehensive approach to addressing multiple threshold issues that affect the reviewability and scope of this appeal. The requested extension will permit thorough analysis of procedural and substantive questions that are essential to meaningful appellate review.

### 8.2 Judicial Efficiency Considerations

Granting reasonable accommodations serves judicial efficiency by ensuring that

briefing, when completed, will comprehensively address all relevant issues based on a complete understanding of the procedural posture and evidentiary record. Compressed briefing under disability-related limitations risks incomplete analysis that could necessitate additional proceedings.

## IX. REQUESTED RELIEF AND PRAYER

Based on the foregoing federal statutory requirements, constitutional principles, and appellate authorities, Appellant respectfully requests this Honorable Court:

### 9.1 Primary ADA Accommodation Relief

**GRANT** the requested **ADA Title II accommodations**, including:

- A **45-day extension** of the opening brief deadline to **October 13, 2025** (or the next business day accepted by the Clerk)

- **Permission to exceed word limits** to **20,000 words** due to disability-related communication needs and complexity of the case.

- **CART/real-time transcription services** for any hearings or oral arguments

- **Searchable, accessible PDF formats** for all court documents and orders

### 9.2 Recognition of Federal Civil Rights

**RECOGNIZE** and **ACKNOWLEDGE** Appellant's **Title II ADA rights** to

meaningful participation in appellate proceedings and confirm this Court's commitment to providing effective communication accommodations as required by federal law.

### 9.3 Emergency Nature of Relief

**TREAT** this motion as requiring emergency consideration due to the ongoing nature of federal civil rights violations and the time-sensitive nature of appellate deadlines.

### 9.4 Coordination of Related Deadlines

**DIRECT** the Clerk to reset any related deadlines in this appeal to accommodate the extended briefing schedule and ensure orderly progression of appellate proceedings.

### 9.5 Additional Relief

**GRANT** any other and further relief, both general and special, at law and in equity, to which Appellant may show himself justly entitled under federal disability rights law and state appellate procedures.

## X. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Appellant Tariq Farooq respectfully prays this Honorable Court:

1. **GRANT** this Emergency Motion for ADA Accommodations and 45-day Extension of Briefing Deadline;

2. **ESTABLISH** a new deadline of **October 13, 2025** (or the next business day accepted by the Clerk) for filing of Appellant's opening brief;

3. **GRANT Permission to exceed word limits** to 20,000 words in Appellant's opening brief due to disability-related communication needs and complexity of the case.

4. **RECOGNIZE** and **GRANT** all requested ADA Title II accommodations, giving **primary consideration** to the auxiliary aids and services identified above;

5. **ACKNOWLEDGE** the emergency nature of this request and the federal civil rights implications;

6. **COORDINATE** all related deadlines to accommodate the extended briefing schedule; and

7. Grant such other and further relief to which Appellant may show himself justly entitled.

Respectfully submitted,

s/ *Tariq Farooq*
Tariq Farooq, *Pro Se*
Appellant - Cause No. 05-24-01246-CV
District Court Cause No. 416-51752-2020
(Formerly 468-51752-2020)
3500 S Echo Trl Plano, Texas 75023
(214) 498-9888
brainsurface@yahoo.com

## Certificate of Service

Pursuant to Texas Rule of Appellate Procedure 9.5, I hereby certify that on August 26, 2025, a true and correct copy of the foregoing Motion was served on all parties or their counsel of record through the electronic filing system.

/s/ *Tariq Farooq*

Tariq Farooq

## Certificate of Compliance

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), I certify that this Motion contains 2,843 words as calculated by the word processing software (Microsoft Word), excluding the parts exempted by Texas Rule of Appellate Procedure 9.4(i)(1).

s/ *Tariq Farooq*

Tariq Farooq

## Certificate of Conference

Pursuant to Texas Rule of Appellate Procedure 10.1(a)(5), I certify that on August 24, 2025, I conferred with Vanita Aphan-Kirkland, counsel for AMBREEN SAHAR JAFRI (Appellee), regarding the relief sought in the foregoing. Vanita Aphan-Kirkland has not responded to me as of the date of the filing of this motion; Accordingly, the foregoing is submitted to this court for review.

/s/ *Tariq Farooq*

Tariq Farooq

## Certification of Facts

I certify that I have reviewed the foregoing and that every factual statement in the foregoing is supported by competent evidence included in the appendix or record. I further certify that every document contained in the appendix is a true and correct copy.

/s/ *Tariq Farooq*
Tariq Farooq

## Unsworn Declaration

(Tex. Civ. Prac. & Rem. Code § 132.001)

My name is Tariq Farooq; I am the petitioner in this cause.
I declare under penalty of perjury that every factual statement in the foregoing is true and correct to the best of my knowledge.

Executed in Collin County, Texas, on August 23, 2025.

/s/ *Tariq Farooq*
Tariq Farooq

## APPENDIX

Exhibit A – Dr. Kevin Lunde's Letter affirming Appellant's Hearing Disability

# Exhibit A

**Dr. Kevin Lunde's Letter affirming Appellant's Hearing Disability**



# Kevin Lunde, M.D.
Board Certified Otolaryngologist
& Facial Plastic Surgeon

**4701 West Plano Parkway, Suite 150, Plano, TX 75093**
**P: 972-985-3223 • F: 972-964-0562 • https://www.kevinlundemd.com/**

10/03/2024

RE: Tariq Farooq
Address: 3500 S Echo Trl Plano, TX  75023
DOB: 06/08/1975

To Whom It May Concern:

Based on Mr. Tariq Farooq's medical history in our office, he suffers from hearing loss and tinnitus, both of which significantly impact his auditory processing, particularly in stressful or high-pressure environments.

Due to this disability, he requires specific accommodations to ensure effective participation in such settings. These accommodations should include, but are not limited to, additional time to process auditory information and reduce stress, particularly in environments like court proceedings, where high noise levels and rapid communication can rapidly and significantly exacerbate his hearing disability condition.

Thank you for your assistance in this matter

If there are any questions, please call.

Sincerely,

Kevin Lunde, MD

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Envelope ID: 104882924
Filing Code Description: Motion
Filing Description: APPELLANTS EMERGENCY MOTION FOR ADA
ACCOMMODATIONS AND EXTENSION OF BRIEFING DEADLINE
Status as of 8/27/2025 9:23 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Tariq Farooq | | brainsurface@yahoo.com | 8/26/2025 5:03:46 PM | SENT |
| Vanita Aphan-Kirkland | | vanita@burrowsatlaw.com | 8/26/2025 5:03:46 PM | SENT |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

# EXHIBIT C

### August 29, 2025 Order

Purpose: Expressly denies the August 26 ADA accommodation and extension motion.

Order entered August 29, 2025



## In The
## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-24-01246-CV

## IN THE INTEREST OF H.A.F., F.A.F., MT.A.F., CHILDREN

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 468-51752-2020**

## ORDER

Before the Court is appellant's August 26, 2025 "Emergency Motion to Hold Briefing in Abeyance Pending Disposition of (1) Panel Rehearing /En Banc Reconsideration and (2) ADA Accommodation/Extension Motion." We **DENY** the motion.

Also before the Court is appellant's August 26, 2025 "Emergency Motion for ADA Accommodations and Extension of Briefing Deadline." We **DENY** the motion.

/s/    DENNISE GARCIA
JUSTICE

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

# EXHIBIT D

**September 12, 2025 Motion for Leave to File Substituted Amended Brief**

Purpose: Shows asserted consequences of compressed briefing and request for corrective accommodation.

05-24-01246
FIFTH COURT OF APPE/
DALLAS, TE>
9/12/2025 2:23
RUBEN MOI
CLE

## NO. 05-24-01246-CV
### IN THE FIFTH DISTRICT COURT OF APPEALS
### AT DALLAS, TEXAS

## IN THE INTEREST OF
## H.A.F., F.A.F., AND
## M.T.A.F., CHILDREN

On Appeal from the Final Order of the Suite Affecting Parent Child
Relationship in the 468th Judicial District Court of Collin County, Texas
dated October 16, 2024
Trial Court Case No. 468-51752-2020

# APPELLANT'S EMERGENCY MOTION FOR LEAVE TO FILE SUBSTITUTED AMENDED BRIEF, TO SUSPEND RULES, AND TO PROVIDE ADA ACCOMMODATIONS

Respectfully submitted by,

**Tariq Farooq**
**Appellant *Pro Se***
brainsurface@yahoo.com
3500 S. Echo Trl
Plano TX 75023
1-214-498-9888

## APPELLANT'S EMERGENCY MOTION FOR LEAVE TO FILE SUBSTITUTED AMENDED BRIEF, TO SUSPEND RULES, AND TO PROVIDE ADA ACCOMMODATIONS (TRAP 38.7, 38.9(b), 38.6(d), 10.5(b), 1.2, 2; Title II ADA, 42 U.S.C. § 12132; 28 C.F.R. § 35.160; U.S. Const. amend. XIV; Tex. Const. art. I, §§ 13, 19)

TO THE HONORABLE JUSTICES OF THE FIFTH COURT OF APPEALS:

### INTRODUCTION

"Justice must satisfy the appearance of justice." *In re Murchison*, 349 U.S. 133, 136 (1955). "The history of liberty has largely been the history of observance of procedural safeguards." *McNabb v. United States*, 318 U.S. 332, 347 (1943). Appellant seeks limited, process-only relief to vindicate those principles in this SAPCR appeal: (1) leave to file a **Substituted Amended Appellant's Brief** under **TRAP 38.7**; (2) a short **suspension/adjustment of deadlines** under **TRAP 2, 38.6(d), 10.5(b)**; and (3) **Title II ADA** effective-communication accommodations—**CART** and modest time—under **28 C.F.R. § 35.160(a)(1), (b)(2)**. The request does **not** add issues; it ensures accuracy and ADA-compliant access.

The current order creates a perfect storm of constitutional and statutory violations that demand immediate correction through relief via this and other

pending motions.

## JURISDICTION AND AUTHORITY

This Court possesses plenary authority to regulate briefing to achieve a fair submission including but not limited to: **TRAP 2** (suspend rules to prevent injustice); **TRAP 38.7** (amend/supplement briefs "whenever justice requires"); **TRAP 38.9(b)** (order additional briefing for a satisfactory submission); **TRAP 38.6(d), 10.5(b)** (extensions for good cause). As a **Title II** public entity, the Court must provide **effective communication** and give **primary consideration** to the specific auxiliary aids requested. **42 U.S.C. § 12132; 28 C.F.R. § 35.160(a)(1), (b)(2)**; *Tennessee v. Lane*, 541 U.S. 509, 531-33 (2004); *Windham v. Harris Cnty.*, 875 F.3d 229, 235-36 (5th Cir. 2017); *Cadena v. El Paso Cnty.*, 946 F.3d 717, 724-26 (5th Cir. 2020).

## PROCEDURAL BACKGROUND (CONDENSED)

• **Aug. 14, 2025**: Appeal reinstated; **14-day** deadline set; trial-level findings from Aug. 7 hearing adopted.

• **Pre-/Post-Reinstatement**: Appellant requested **CART** and **time** due to documented tinnitus in addition to extension for filing brief and other related motions exacerbated by sleep deprivation and impairment due to Tinnitus while drafting SAPCR filings.

• **Aug. 28, 2025**: Opening brief filed in good faith under compressed schedule; record-integrity (**TRAP 34.6**) and **§ 154.130** issues remained active.

- **Aug. 27 & 29**: Extension/abeyance/ADA time denied; no written **primary-consideration** analysis issued; en banc status unclear.

- **Aug. 28**: Incomplete brief filed. The unconscionably oppressive nature of the aforementioned order directly precipitated Appellant's filing of a deficient brief under conditions of acute debilitation. Such debilitation encompassed, inter alia: (1) severely compromised concentration and cognitive function resulting from exacerbated tinnitus; (2) profound sleep deprivation; and (3) devastating psychological trauma occasioned by the compelled review of child separation documentation. These debilitating impairments were exponentially compounded by an **impossible and unconscionably compressed fourteen (14) day** filing deadline imposed immediately following the Court's categorical denial of Appellant's first extension request after reinstatement, all transpiring subsequent to the reinstatement of this appeal despite an admittedly defective record and **an unbelievable 34.6 certification by a constitutionally disqualified visiting judge**.

**RELIEF REQUESTED**

**I. Leave to File a Substituted Amended Brief (TRAP 38.7)**

Appellant requests **30 days** to file a **Substituted Amended Appellant's Brief** that **supersedes** the rushed filing due to disability related lack of sleep and impairment and: (a) refines **RR/CR pinpoints** and corrects deadline-driven miscitations; (b) integrates targeted authorities; (c) aligns formatting and citation style with local practice; (d) harmonizes analysis of **TRAP 34.6(e)/(f)** and **Tex.**

**Fam. Code § 154.130** given evolving record. Appellee's brief due **30 days** thereafter; reply due **20 days** thereafter. No new issues absent leave.

## II. Title II ADA Effective-Communication Accommodations

Confirm **CART** for any oral argument, permit remote option, and allow the **time accommodation** above, giving **primary consideration** to Appellant's specific requests. **28 C.F.R. § 35.160(b)(2)**; *Windham*; *Cadena*; *Lane*.

## ARGUMENT

## A. TRAP's Remedial Architecture Requires Merits-Based Accuracy, Not Gotcha Forfeiture

Texas appellate jurisprudence strongly disfavors disposing of appeals on curable briefing deficiencies. See *Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008) (per curiam) (decide cases on merits where possible; construe briefing rules reasonably); *Weeks Marine, Inc. v. Garza*, 371 S.W.3d 157, 162-63 (Tex. 2012) (per curiam) (waiver rules prudential); *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284-85 (Tex. 1994) (liberal construction); **TRAP 38.7** and **38.9(b)** embody the policy of reaching merits: allow **amendment** "whenever justice requires" and **additional briefing** to ensure a "satisfactory submission."

## B. Title II ADA Imposes Ministerial, Non-Discretionary Duties to Provide Effective Communication

**28 C.F.R. § 35.160(a)(1)** requires communications with people with disabilities be "**as effective as**" those for others; **§ 35.160(b)(2)** requires courts to give

"primary consideration" to the specific aids requested. These are mandatory duties, not discretionary favors. See *Lane*, 541 U.S. at 531-33; *Windham*, 875 F.3d at 235-36; *Cadena*, 946 F.3d at 724-26; *Delano-Pyle v. Victoria Cnty.*, 302 F.3d 567, 574-75 (5th Cir. 2002) (Title II violations proven by showing denial of meaningful access). Here, **time** and **CART** are modest, targeted aids proportional to Appellant's tinnitus-related concentration impairment. Denying them without a written **primary-consideration** analysis contravenes Title II.

## C. Due Process and Open Courts Require Tailored Safeguards in SAPCR Appeals

Procedures must be calibrated to reduce the **risk of erroneous deprivation** given the profound **parental interests** at stake. *Mathews v. Eldridge*, 424 U.S. 319, 334-35 (1976); *Santosky v. Kramer*, 455 U.S. 745, 758-59 (1982). The State may not foreclose meaningful appellate review via procedural obstacles or inaccessible processes. *M.L.B. v. S.L.J.*, 519 U.S. 102, 120-24 (1996); **Tex. Const. art. I, § 13** (open courts); **art. I, § 19** (due course of law); *LeCroy v. Hanlon*, 713 S.W.2d 335, 341-42 (Tex. 1986) (open courts secures meaningful access). A short substitution (or citation-errata window) significantly reduces error at negligible cost.

## D. Context: Record-Integrity (TRAP 34.6) and § 154.130 Issues Counsel Accuracy Enhancements Now

The appeal sits atop contested **TRAP 34.6(e)/(f)** questions (missing original A/V exhibits; no party stipulation; hearing held by constitutionally disqualified visiting

judge after timely § 74.053 objection; lack of adversarial proof of technical identity), repeated ADA violations by the trial court and absent **§ 154.130** findings despite guideline deviation. Minimal schedule relief to refine citations and authorities will aid the Court in resolving these threshold issues accurately and efficiently, promoting judicial economy.

## PRESERVATION OF ERROR / REQUEST FOR WRITTEN ADA FINDINGS

To preserve federal and state issues should relief be denied, Appellant requests the Court issue a **written order** that: (1) addresses **Title II "primary consideration"** for **time** and **CART** (28 C.F.R. § 35.160(b)(2)); (2) states any **undue-burden** or **fundamental-alteration** finding with supporting reasons; (3) explains why **TRAP 2/38.7/38.9(b)** are insufficient here; and (4) states whether the Court will accept a **substituted amended brief** to reduce risk of error. See *Lane, Windham, Cadena.*

## ADMINISTRATIVE STAY

A brief **administrative stay** of briefing deadlines is requested pending disposition of this motion. **TRAP 2.**

## QUOTATIONS UNDERSCORING THE PRINCIPLES

"Experience should teach us to be most on our guard to protect liberty... [t]he greatest dangers to liberty lurk in **insidious encroachment** by men of zeal, well-meaning but without understanding." *Olmstead v. United States*, 277 U.S. 438, 479

(1928) (Brandeis, J., dissenting). "We are not final because we are infallible, but we are infallible only because we are final." *Brown v. Allen*, 344 U.S. 443, 540 (1953) (Jackson, J., concurring). The modest relief sought here respects both admonitions.

## PRAYER

Appellant respectfully prays that the Court:

**(A) Grant leave** under including but not limited to **TRAP 38.7** and Title II ADA to file a **Substituted Amended Appellant's Brief** within **30 days**, superseding the current brief;

**(B)** Adjust Appellee's deadlines accordingly (Appellee's brief due 30 days after filing; reply due 20 days after Appellee's brief);

**(C) Provide ADA accommodations—CART** and a reasonable time accommodation—with **primary consideration** to Appellant's requests;

**(D)** grant such other relief as justice requires.

Respectfully submitted,

/s/ *Tariq Farooq*
Tariq Farooq, *Pro Se*
Appellant - Cause No. 05-24-01246-CV
District Court Cause No. 416-51752-2020
(Formerly 468-51752-2020)
3500 S Echo Trl Plano, Texas 75023
(214) 498-9888
brainsurface@yahoo.com